**The relief described hereinbelow is SO ORDERED.**

**SIGNED this 19th day of December, 2013.**



_____
Robert D. Berger
United States Bankruptcy Judge
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

SCOTT CHRISTOPHER WEISS and            Case No. 06-21677
JODI KENNEDY WEISS,                                Chapter 13
         Debtors.

### ORDER ON DEBTOR'S MOTION
### FOR DETERMINATION OF IRS TAX LIABILITY

Debtor Scott Weiss[1] requests an order declaring his prepetition tax liabilities to the Internal Revenue Service discharged.[2] Debtors received a full payment discharge on September 8, 2011, under §1328(a). The estate's administration is complete. The IRS did not receive a distribution in the Debtors' case. Initially, this seemed a relatively straightforward issue to determine the dischargeability of prepetition IRS tax debts in a full payment Chapter 13 discharge case. This supposition proved overly optimistic.

A Chapter 13 discharge under § 1328(a)(2)[3] does not discharge a tax debt of the kind

---

[1] Co-debtor Jodi Weiss is not liable for the tax liabilities.
[2] Doc. No. 131.
[3] This and all future statutory references are to the Bankruptcy Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, 11 U.S.C. §§ 101 - 1532, unless otherwise specifically noted.

13.12.19 Weiss IRS Tax Liability Order.wpd

specified under §507(a)(8)(C) ("Trust Fund Taxes") or tax debts under § 523(a)(1)(B) (unfiled or late-filed tax returns).[4] The IRS must hold an allowed priority unsecured claim against the bankruptcy estate in order for Trust Fund Taxes to be excepted from discharge under § 1328(a)(2) ("Trust Fund Tax Exception" to discharge); however, there is not a requirement that the IRS hold an allowed unsecured claim to except taxes from discharge under § 523(a)(1)(B) (unfiled or late-filed return exception to discharge). An evidentiary hearing is necessary to determine what portion of Mr. Weiss's tax debt to the IRS is excepted from discharge under § 523(a)(1)(B) and to liquidate Mr. Weiss's IRS tax debt.

## Background

Debtors filed a Chapter 13 petition and plan on October 18, 2006. Debtors included on their bankruptcy petition the following names used prepetition by Mr. Weiss: Scott Weiss, LLC; fdba SB&D Enterprises, LLC; fdba JK & Sons, LLC.[5] These names were set out on the Notice of Chapter 13 Bankruptcy Case.[6] Debtors listed the IRS as a creditor holding a priority claim in their Chapter 13 plan ("Plan").[7] The Plan was confirmed by this Court on December 20, 2006.[8] The Plan provided that the IRS's allowed priority claims would be treated as follows:

> Debtor shall pay all allowed priority claims under 11 USC 507, without post petition interest. Payments through the Trustee of the principal and interest of the tax obligations due as of the date of the filing of the bankruptcy petition (as determined by the creditor's proof of claim or order of the Court) shall result in a full and total discharge of all obligations of the Debtor for those taxes. Unless placed in controversy, the specific dollar amount to be paid shall be in accordance with the creditor's proof of claim unless [sic] objected to the claim shall be

---

[4] The exception to discharge of certain tax debts under § 523(a)(1)(B) is incorporated by reference into § 1328(a)(2). Interestingly, the prefatory language "does not discharge" in § 523(a) is not incorporated. *United State Student Aid Funds, Inc., v. Espinosa*, 559 U.S. 260, 275 n.11 (2010).
[5] Doc. No. 1, at 1.
[6] Doc. No. 4, at 1.
[7] Doc. No. 2.
[8] Order Confirming Chapter 13 Plan, Doc. No. 30.

- 2 -

deemed allowed. (Certain tax claims may be secured and will be treated accordingly, if they exist.)[9]

The effect of confirmation of a Chapter 13 plan is clear:

> § 1327. Effect of confirmation.
> (a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

The pertinent § 1328(a) full payment discharge exceptions that apply to tax debts are:

> § 1328. Discharge
> (a) Subject to subsection (d), as soon as practicable after completion by the debtor of all payments under the plan, . . . **the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt--**
> . . . .
> **(2) of the kind specified in section 507(a)(8)(C) or in paragraph (1)(B) . . . of section 523(a). . . .** (Emphasis added.)

With the exception of domestic support obligations excepted from discharge under § 523(a)(5), § 523(a) "should be strictly construed against the objecting creditor and liberally in favor of the debtor."[10] This same principle should apply to the § 1328(a) full payment discharge.

The Debtors estimated the IRS debt as $0.00 in their Chapter 13 Plan and on their Schedule E. The IRS did not file a timely proof of claim and withdrew two late-filed proofs of claim after Debtors objected to them as untimely filed. The IRS does not complain of lack of notice or deficient or insufficient service.

The Trust Fund Taxes resulted from the failure of Mr. Weiss's limited liability companies ("LLCs"), Scott Weiss, LLC, SB&D Enterprises, LLC, and JK & Sons, LLC, to pay Federal Income Contribution Act (FICA) taxes between 2004 and 2006. The IRS claims Mr.

---

[9] Debtors' Chapter 13 Plan, Doc. No. 2, at 2.
[10] 4 COLLIER ON BANKRUPTCY ¶ 523.05, at 523-1 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2013) (footnote omitted).

Weiss is responsible for $72,067.01 in unpaid Trust Fund Taxes and non-trust fund taxes.[11] The IRS also claims that the LLCs failed to file or filed late some of the associated employment tax returns or understated their tax liability on filed returns.

A recapitulation of the IRS summary of the tax debts is set out below. The Court does not adopt this summary in its findings of fact because an evidentiary hearing is necessary to determine the amount of the tax debts and when the tax returns were filed. However, it is beneficial to summarize the IRS allegations as to the prepetition tax debts owed and the status of the related tax returns for the three LLCs.

**Category 1 Taxes (Unfiled Tax Returns) of $30,700.44:** The IRS alleges that the tax debts in this category should be excepted from discharge under § 523(a)(1)(B) because a return was not filed.

**Category 2 Taxes (Late-Filed Tax Returns) of $6,269.59:** The IRS alleges that the tax debts in this category should be excepted from discharge under § 523(a)(1)(B) because the returns, although filed, were filed late and within two years of the bankruptcy petition date.[12]

**Category 3 Taxes (Timely-Filed Tax Returns) of $35,096.98:** The IRS alleges that the tax debts in this category are priority and excepted from discharge under the Trust Fund Tax Exception set out in § 1328(a)(2).

---

[11] The non-trust fund Form 940 federal unemployment taxes are $1,449.28 of the total amount allegedly due.

[12] Debtors' bankruptcy case was filed on October 18, 2006, and since the associated liabilities were for quarters that were within two years of the filing of the bankruptcy case, then the tax returns must have been filed within two years if in fact they were filed late.

- 4 -
13.12.19 Weiss IRS Tax Liability Order.wpd
Case 06-21677   Doc# 153   Filed 12/19/13   Page 4 of 17

**Analysis**

A.  **As to the Trust Fund Tax Exception to Discharge Set Out in § 1328(a)(2), Mr. Weiss's Trust Fund Taxes Were Discharged.**

The Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA" or "2005 Amendments") narrowed the Chapter 13 discharge by amending §1328(a)(2) to except from discharge tax debts of the kind specified in §507(a)(8)(C) and §§ 523(a)(1)(B).[13] Taxes excepted from discharge by reference to §507(a)(8)(C) are those required to be collected or withheld and for which the debtor is liable in any capacity (Trust Fund Taxes).[14] FICA taxes withheld from an employee's wages are Trust Fund Taxes.[15] Section 1328(a)(2) also excepts from discharge taxes with respect to which a tax return, if required, was not filed or was filed late and within two years of the petition date.[16]

Because Mr. Weiss was the sole member of each LLC, the IRS properly alleges the prepetition tax liability falls upon Weiss personally.[17] Where an employment tax is due prior to January 1, 2009, the sole member of an LLC is liable for employment taxes on wages; in effect the LLC is disregarded as to Trust Fund Taxes.[18] Here, the involved entities were LLCs solely owned by the debtor and the Trust Fund Taxes are for wages paid prior to January 1, 2009. Despite the existence of the LLCs, Mr. Weiss as the sole member is liable for the associated

---

[13] 11 U.S.C. §1328(a)(2). There are other tax and non-tax related exceptions, but they are not relevant to this case.

[14] *See* 8 COLLIER ON BANKRUPTCY ¶ 1328.02[3][c] at 1328-14 to 1328-15 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2013). These taxes are priority unsecured claims.

[15] *United States v. Bisbee,* 245 F.3d 1001, 1005 (8th Cir. 2001).

[16] §523(a)(1)(B) is incorporated by reference.

[17] *Med. Practice Solutions, LLC, v. Comm'r*, 132 T.C. 125, 128-29 (2009). Because the pertinent regulation was amended, the *Med. Practice Solutions* decision does not apply to taxes for wages paid after January 1, 2009. As noted below, all of the payroll taxes owed by Mr. Weiss are on account of wages paid prior to January 1, 2009.

[18] *See id.*

- 5 -
13.12.19 Weiss IRS Tax Liability Order.wpd
Case 06-21677   Doc# 153   Filed 12/19/13   Page 5 of 17

Trust Fund Taxes on the petition date.[19]

The IRS also argues that Mr. Weiss should be liable for Trust Fund Taxes based upon an alter-ego theory. This theory does not give rise to an independent cause of action but simply provides a remedy to enforce liabilities against third parties if the veil piercing is successful. The alter-ego theory has been successfully employed to impose Trust Fund Taxes.[20] The alter-ego theory generally walks hand-in-hand with the trust fund tax penalty.[21] Since the Court finds that Mr. Weiss is liable under the *Medical Practice Solutions* case, there is no need to address either the responsible person liability under I.R.C. § 6672 or the alter-ego theory, and the Court makes no finding with regard to either.

Before the 2005 Amendments, a Chapter 13 full payment discharge under § 1328(a) discharged Trust Fund Taxes if the plan provided for payment of priority tax claims in full. This was the result even if the taxing authority did not actually receive payments because it did not file a proof of claim or filed it late.[22] The question is in what manner did the 2005 amendment to § 1328(a)(2) change this result.

The analysis in *Hall v. United States*[23] requires this Court to interpret the plain reading of the tax debt treatment changes in the 2005 Amendments, even if such interpretation could be at odds with Congressional intent. In *Hall*, the debtors were family farmers who filed a Chapter 12 bankruptcy. The debtors in *Hall* argued that the 2005 amendment that added § 1222(a)(2)(A)

---

[19] *Id. at* 128.
[20] *See* 11 COLLIER ON BANKRUPTCY ¶ TX4.02[1][d][vi] at TX4-19 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2013).
[21] *Id.*; *see* I.R.C. § 6672.
[22] *See, e.g., Richards v. U.S. (In re Richards),* 50 B.R. 339 (E.D. Tenn. 1985); *Workman v. U.S. (Matter of Workman,* 108 B.R. 826 (Bankr. M.D. Ga. 1989).
[23] 132 S. Ct. 1882 (2012).

was intended to provide tax relief to family farmers under Chapter 12.[24] However, when it drafted the amendment, Congress did not recognize that a separate estate for tax purposes is not created in Chapter 12 proceedings. Despite the asserted intent of Congress to provide tax relief to family farmers attendant to the post-petition disposition of estate property, the *Hall* Court held that the 2005 Amendments did not accomplish this purpose because the amendment provided relief from taxes incurred by the estate and in Chapter 12 the estate is not separately taxable.[25] As a result, the debtor family farmer was personally liable for capital gains taxes associated with the post-petition liquidation of farm assets used in the debtors' farming operation. "Certainly, there may be compelling policy reasons for treating postpetition income tax liabilities as dischargeable. But if Congress intended that result, it did not so provide in the statute. Given the statute's plain language, context, and structure, it is not for us to rewrite the statute . . . ."[26]

In the same vein, one might argue that Congress intended to except from discharge Trust Fund Taxes in Chapter 13 cases whether a claim is allowed or is not allowed, but Congress did not so provide in § 1328(a)(2). Absent allowance of the Trust Fund Tax as a priority unsecured claim in the Debtors' Chapter 13 bankruptcy proceeding, there is not a defined debt to except from discharge. Why Congress did not simply incorporate into § 1328(a) the § 523(a)(1) exception to discharge that applies to trust fund tax debts and not just those associated with unfiled, late-filed, or fraudulent income tax returns is not for this Court to discern; clearly, this would have effected the intent that the IRS urges upon this Court.

This Court must employ a plain reading of § 1328(a)(2) and further abide by the 10th

---

[24] In part, the amendment provided that taxes incurred by the bankruptcy estate that arise from a debtor family farmer's post-petition sale of a farm asset is treated as a general unsecured claim.
[25] *Hall*, 132 S. Ct. at 1887, 1888.
[26] *Id.* at 1893.

Circuit's precedent set out in *Victor*.[27] *Victor* focused on the type of claim asserted against the estate and not the type of tax. *Victor* involved a personal Chapter 11 case filed by a husband and wife. The plan provided for payment in full of the IRS's fully secured tax claim. The *Victor* court found that since § 507(a)(8) only imparts priority claim status to "allowed unsecured claims," by definition these tax debts cannot include secured claims. The court focused on the character or nature of the claims and found that since the IRS held secured claims, the tax debts did not fall within the ambit of §§ 523(a)(1)(A) and 507(a)(8). The same result is demanded in Mr. Weiss's case as to the Trust Fund Tax Exception under § 1328(a)(2) because the IRS did not hold any allowed priority unsecured claims.[28] The *Victor* holding has been fairly summarized as follows:

> At least one Circuit Court has held that, under a strict reading of the statute, if the trust fund recovery penalty is secured by a Federal Tax Lien, it may be discharged. Section 507(a)(8) gives priority only to unsecured claims for uncollected taxes.[29]

Without allowed priority unsecured claims against the Debtors' bankruptcy estate, the Trust Fund Taxes are not excepted from discharge under the Trust Fund Tax Exception of § 1328(a)(2). Absent an allowed priority unsecured claim, the alleged tax debt is not of a kind under § 507(a)(8)(C). It is notable that § 523(a)(1)(A) excepts from discharge a tax debt "whether or not a claim for such tax was filed or allowed." However, this language does not apply to Trust Fund Taxes under a § 1328(a) full payment discharge. If Congress intended that § 507(a)(8)(C) Trust Fund Taxes were not dischargeable regardless of whether an unsecured

---

[27] *United States v. Victor*, 121 F.3d 1383 (10th Cir. 1997). Here, the IRS argues that "to the extent it could be argued that *Victor* affects the outcome here, we respectfully submit that *Victor* was wrongfully decided . . . ." Doc. No. 146 at 14. Of course, this Court is not at liberty to ignore the binding precedent set out in *Victor*.

[28] *Id.* at 1388.

[29] 2 ARTHUR H. BOELTER, REPRESENTING THE BANKRUPTCY TAXPAYER § 10:60, at 201 (2012).

- 8 -

claim were filed and allowed, it did not so provide in the 2005 Amendments. "[W]here Congress includes particular language in one section of the statute but omits it in another provision of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."[30] Under the plain reading mandate of the Supreme Court,[31] this Court finds that unfiled or late-filed returns are excepted from discharge under § 1328(a) whether a claim has been or has not been allowed; however, the same is not true with regard to the Trust Fund Tax Exception because this exception to discharge requires the allowance of a priority unsecured claim. In effect, *sans* an allowed priority unsecured claim for trust fund tax debts, there is not a debt that qualifies under the Trust Fund Tax Exception.

### B. The Debtors' Plan Resulted in the Discharge of Mr. Weiss's Prepetition Priority IRS Tax Debts.

Regardless of the language in § 1328(a)(2), the Debtors' Plan provides that all allowed priority claims under § 507 shall be paid in full without postpetition interest. This language is binding on the IRS.[32] The Debtors' Plan unambiguously provides that all § 507 priority tax debts shall be fully and totally discharged. Since the IRS proofs of claim were disallowed, Mr. Weiss's prepetition Trust Fund Taxes as contemplated under § 507(a)(8)(C) were discharged without payment. The court in *Espinosa* warned creditors not to sleep upon their rights by failing to object to a debtor's Chapter 13 plan.[33] The IRS did not object to the Debtors' Plan, and

---

[30] *Direct Capital Group, LLC, v. Hadley (In re Hadley)*, 2011 WL 3664609, at *15 (Bankr. E.D. Va. 2011) (quoting *Soliman v. Gonzales*, 419 F.3d 276, 283 (4th Cir. 2005)). BAPCPA is somewhat anomalous in that it was superimposed over the 1978 Act and effected significant changes via the addition and deletion of language.

[31] *United States v. Ron Pair Enterprises, Inc.*, 409 U.S. 235, 241 (1989); *Hall*, 132 S. Ct. at 1887 ("plain and natural reading" of the text).

[32] *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275, 130 S. Ct. 1367 (2010). Even if the bankruptcy court committed legal error in confirming a debtor's plan that contained a provision not strictly in conformity with § 1325(a), the plan is still binding on a creditor.

[33] *Id. and see* Keith M. Lundin & William H. Brown, CHAPTER 13 BANKRUPTCY, 4TH ED., § 229.1, at ¶ 77, Sec. Rev. Oct. 8, 2010, www.Ch13online.com, for the "snooze, you lose" rule.

the Plan is binding upon the IRS whether it is in conformity with § 1328(a)(2) or is not. Additionally, the IRS slept on its rights by not timely filing a proof of claim. The IRS twice filed a proof of claim late. Both attempts were met with claim objections by the Debtors, and twice the IRS withdrew its proofs of claim as a result of these objections. The IRS did not object to confirmation of the Debtors' Plan and did not timely file a proof of claim for the alleged prepetition Trust Fund Taxes. The Debtors' tax debts to the IRS that may have been entitled to § 507)(a)(8)(C) priority status have been discharged because the Plan provided for the discharge of IRS priority tax claims.

This Court's interpretation of the 2005 amendment to § 1328(a) does not leave the Trust Fund Tax Exception without teeth. If the IRS held allowed priority unsecured claims against the Debtors' estate, then not only would a Debtors' plan have to provide for payment in full of these allowed claims,[34] but these allowed claims would be excepted from discharge. The significance of the latter is that interest that accrued during the pendency of the Debtors' Chapter 13 bankruptcy case would not be discharged.[35] More importantly, the Trust Fund Tax Exception would have provided a valid basis for the IRS to object to confirmation of the Debtors' Plan since the Plan expanded the definition of what debts were otherwise not dischargeable under § 1328(a).

The use in § 1328(a)(2) of a debt "of the kind specified" is different when applied to the Trust Fund Tax Exception, because the language specifically refers to § 507(a)(8)(C) debts and by definition in order for a debt to be priority, it must be allowed, whereas the next clause in § 1328(a)(2) refers to debts of a kind under various subsections of § 523(a). The incorporated

---

[34] § 1322(a)(2).
[35] *United States v. Monahan (In re Monahan)*, 497 B.R. 642 (B.A.P. 1st Cir. 2013).

§ 523(a)(1) exceptions do not require allowance of an unsecured claim to be excepted from discharge.

In *Espinosa*, Judge Thomas makes an interesting observation as to the incorporation by reference of certain § 523(a) exceptions to a full payment Chapter 13 discharge:

> [T]he "does not discharge" language in § 523(a) is inapplicable to this case. . . . [Debtor] sought a discharge under § 1328(a), which provides that, upon completion of a Chapter 13 plan, a bankruptcy court "shall grant the debtor a discharge of all debts provided for by the plan ..., except any debt ... of the kind specified in ... paragraph ... (5), (8), or (9) of section 523(a)." Section 1328(a) thus incorporates by reference *paragraph (8)* of § 523(a), including that paragraph's self-executing requirement for an undue hardship determination, but does not incorporate the "does not discharge" text of § 523(a) itself.[36]

Hence, § 1328(a)(2) incorporates certain discharge exceptions under § 523(a)(1), but does not incorporate the prefatory language "does not discharge" set out in § 523(a). Therefore, we must look to the language of § 1328(a)(2) to resolve the matter before this Court. The broader Chapter 13 discharge functions as an incentive for debtors to file a Chapter 13 bankruptcy and seek repayment of some or all of their debts and also to make all payments due under a Chapter 13 plan.[37] We look to the incorporated subsections of § 523(a) without reference to whether a claim has been or has not been allowed. With regard to Trust Fund Taxes, the definitional predicate is a priority claim under § 507(a)(8)(C), which may only be established by the allowance of a priority unsecured claim. To determine the dischargeability of debts, § 1328(a) controls, unless a confirmed plan, as addressed in *Espinosa*, contains language to the contrary.

It is this Court's conclusion that since the Trust Fund Tax Exception requires the allowance of a priority unsecured claim, then in the case *sub judice* this exception does not

---

[36] *Espinosa*, 559 U.S. at 275 n.11. (Emphasis added in original.)
[37] 8 COLLIER ON BANKRUPTCY ¶ 1328.02[2][b], at 1328-10 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2013).

- 11 -

apply. In contrast, allowance of an unsecured claim is not required for the exceptions to discharge under § 523(a)(1) that are incorporated by reference into § 1328(a). In *Espinosa* the plan specifically dealt with the discharge of student loan debts under § 523(a)(8); here, the Debtor's Plan does not address tax debts associated with late or unfiled tax returns under § 523(a)(1)(B). Without this language, the latter exception still applies and excepts from discharge those tax debts that fall within this exception to discharge.

In *In re Tuttle*,[38] the debtors owed prepetition priority unsecured tax claims to the IRS and obtained confirmation of a Chapter 11 plan of reorganization that paid any and all claims asserted by the IRS. Unlike a full payment discharge in Chapter 13, all § 523(a) exceptions to discharge apply to individual Chapter 11 cases.[39] Accordingly, the IRS priority unsecured tax claims were not discharged upon confirmation of the debtors' plan or upon discharge of the case.[40] The *Tuttle* court held that the gap interest on nondischargeable tax claims was also not discharged.[41] Importantly the *Tuttle* court noted that the tax debts could be treated differently in a Chapter 13 proceeding as opposed to the Chapter 11 proceeding that was before the court.[42] Although this recognition by the *Tuttle* court predated the 2005 Amendments, the observation remains pertinent to unsecured priority tax claims which are not included in those subsections of 523(a)(1) that are incorporated by reference into § 1328(a), as well as the Trust Fund Tax Exception that only references priority tax debts under §507(a)(8)(C). Even after the 2005 Amendments, there are priority tax debts that are dischargeable without payment in a full

---

[38] *In re Tuttle*, 291 F.3d 1238 (10th Cir. 2002).
[39] *See* § 1141(d)(2). Section 1328(a) selects out some, but not all, of the § 523(a) exceptions to discharge.
[40] *See* § 523(a)(1), which in the case of an individual debtor excepts from discharge any debt under § 507(a)(8).
[41] "Gap" interest accrues on nondischargeable tax debts between the debtor's petition date and confirmation of the debtor's plan.
[42] *Tuttle,* 291 F.3d at 1244 n.4.

- 12 -

payment Chapter 13 discharge under § 1328(a) if there is not an allowed priority claim.[43]

The discharge order[44] entered in this case is compatible with the Debtors' Plan. On page 2 of the discharge order under the category "Debts that are not discharged," subparagraph h, appears the following language:

> Debts for certain taxes to the extent not paid in full under the plan (**in a case filed on or after October 17, 2005**) . . . .

This rather general language does not conflict with the specific treatment of priority taxes set out in the Debtors' Plan or with this Court's interpretation of the Trust Fund Tax Exception. In *Espinosa*, the Circuit Court found that the plan language that proposed discharge of the post-petition interest on the debtor's student loan was incompatible with the discharge order that was entered in the case. The discharge order in *Espinosa* excepted from discharge "any debt . . . for a student loan."[45] The Ninth Circuit remanded the matter to the bankruptcy court, and the bankruptcy court amended the discharge order so that it would conform with the confirmation order.[46] However, it is imprudent for debtors to expect or rely upon such procedural latitude on the part of the courts.[47]

### C. To the Extent Mr. Weiss's Trust Fund Taxes Are Associated with Unfiled or Late-Filed Returns, They Were Not Discharged.

In *In re Grynberg*,[48] a husband and wife filed a joint Chapter 11 petition in 1981, and their joint plan of reorganization was confirmed in April 1982. The bankruptcy court set a proof

---

[43] *Municipality of Carolina v. Gonzalez (In re Gonzalez)*, 490 B.R. 642, 650 (B.A.P. 1st Cir. 2013).
[44] Doc. No. 137.
[45] *Espinosa*, 559 U.S. at 268 n.4.
[46] *Id.*
[47] *See Am. Family Mut. Ins. Co. v. Reichartz (In re Reichartz)*, 498 B.R. 217 (E.D. Wis. 2013), wherein the court found that even though the debtor's confirmed plan provided for the discharge of post-petition interest on a nondischargeable debt, it was the discharge order that dictated the scope of the discharge. In effect, the discharge order trumped the confirmation order.
[48] 986 F.2d 367 (10th Cir. 1993).

13.12.19 Weiss IRS Tax Liability Order.wpd

of claim bar date that expired prior to confirmation of the debtors' plan.[49] The IRS timely filed a proof of claim for income taxes but did not file a proof of claim for gift taxes. The Debtors' schedules listed the IRS as a disputed creditor as to both gift taxes and for income taxes. The debtors' plan of reorganization did not reference gift taxes. In 1989 after full consummation of the debtors' plan, the IRS sent Mr. Grynberg a notice of a proposed gift tax deficiency and associated penalties of approximately $5 million. The asserted gift tax arose from the transfer by the debtors of property to other family members in the year just preceding the bankruptcy filing. The debtors never filed gift tax returns and contended that the transfers were not taxable gifts. The IRS disagreed.

The *Grynberg* court found that the gift tax liabilities constituted excise taxes as contemplated under § 507(a)(8)(E), and since the transfer occurred within three years prior to the filing of the bankruptcy, the taxes were entitled to priority status. Additionally, the IRS successfully argued that the liabilities associated with the gift tax deficiency and penalties were not dischargeable under § 523(a)(1)(B)[50] because the debtors had never filed a gift tax return with the IRS as to the transfer. Here, it is Mr. Weiss's LLCs, of which he was the sole member, that allegedly did not file or filed late returns that generated trust fund taxes under the Internal Revenue Code. Since Mr. Weiss is also liable for these Trust Fund Taxes, and these taxes are on

---

[49] The proof of claim bar date is set by an order of the bankruptcy court in a Chapter 11 bankruptcy. *See* Fed. R. Bankr. P. 3003(c)(3).

[50] § 523. Exceptions to discharge.
(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
    (1) for a tax or a customs duty--. . . .
        (B) with respect to which a return, or equivalent report or notice, if required--
            (i) was not filed or given; or
            (ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition . . . .

account of late-filed or unfiled tax returns, any and all Trust Fund Taxes associated with the LLCs' late-filed or unfiled tax returns are not dischargeable as to Mr. Weiss. The language in the Debtors' Plan and its binding effect does not change this result. The Debtors' Plan language addresses allowed priority claims under § 507 held by the IRS, of which there are none in this case. Notably, if a tax is not assessed before, but is assessable after the petition date, then it is entitled to priority status, unless the tax is associated with a late-filed, unfiled or fraudulent return.[51] However binding the Debtors' Plan language may be as to IRS priority tax claims, it does not change the effect of the independent exception to discharge under § 523(a)(1)(B) as incorporated by § 1328(a)(2).

This Court must conduct an evidentiary hearing to determine the tax debts associated with late-filed or unfiled tax returns and to determine Mr. Weiss's IRS tax debts as of the petition date. Subject to this determination, the Court finds that those tax debts associated with the LLCs' late-filed and unfiled tax returns as contemplated under § 523(a)(1)(B) have not been discharged. As to the trust fund taxes with respect to which § 522(a)(1)(B) does not apply, those tax debts were discharged.

### D. The Court Does Not Abstain From Determining Mr. Weiss's Tax Debts.

The bankruptcy court has the authority to determine the amount of a debtor's tax liability.[52] However, the power is discretionary, and the court may abstain from exercising its authority if the purposes of §505 would not be furthered.[53] This Court does not abstain with

---

[51] § 507(a)(8)(A)(iii).
[52] 11 U.S.C. §505(a)(1).
[53] *Kohl v. IRS (In re Kohl)*, 397 B.R. 840, 845 (Bankr. N.D. Ohio) ("a bankruptcy court's exercise of jurisdiction under §505 is permissive, not mandatory"); *Millsaps v. U.S. (In re Millsaps)*, 133 B.R. 547, 554 (Bankr. M.D. Fla. 1991) ("when there is no need for a determination of the amount of the tax for estate administration purposes, Congress did not intend or foresee that the bankruptcy court would be the forum for this litigation"); *but see Chance Rides, Inc., v. Director, Div. of Taxation (In re Chance Rides, Inc.)*, 2001 WL 34656216, at *5 (Bankr.

- 15 -
13.12.19 Weiss IRS Tax Liability Order.wpd
Case 06-21677    Doc# 153    Filed 12/19/13    Page 15 of 17

regard to the determination as to the dischargeability or the liquidation of Mr. Weiss's prepetition tax debts.[54] As set out above, the IRS has provided a detailed breakdown regarding the trust fund tax liabilities.[55] As to those tax debts that the Court finds were not discharged, post-petition interest will not be discharged.[56] Mr. Weiss argues that the tax returns for the listed tax debts were timely filed. This Court will determine whether tax returns were timely filed, late-filed or not filed at all. The Court does not abstain from the determination of the amount of prepetition taxes that are due by Mr. Weiss to the IRS. For purposes of illustration only, the Court sets out the three categories of taxes that the IRS alleges are owed by Mr. Weiss. The treatment by the Court with regard to each category as to dischargeability is as follows (at an evidentiary hearing the Court will determine the tax debts that fall within each category):

**Category 1 Taxes (Unfiled Tax Returns):** Those tax debts in this category are excepted from discharge under § 523(a)(1)(B) because a return was not filed.

**Category 2 Taxes (Late-Filed Tax Returns):** Those tax debts in this category are excepted from discharge under § 523(a)(1)(B) because the returns, although filed, were filed late and within two years of the bankruptcy petition date.[57]

**Category 3 Taxes (Timely-Filed Tax Returns):** Those tax debts in this category are dischargeable because the returns were timely filed, the tax debts were not allowed as priority

---

D. Kan. Dec. 5, 2001) (abstention not appropriate when "[a] prompt determination of [a debtor's] tax liability is essential to continuing and completing the administration of [the] bankruptcy case").

[54] Attendant to this procedure, this Court will determine whether there were late-filed or unfiled tax returns as contemplated by § 523(a)(1)(B).

[55] The Court notes that those tax debts set out in Category 2, the liabilities associated with the Form 940 tax returns, are not trust fund liabilities and the Trust Fund Tax Exception would not apply to them even if an allowed unsecured claim had been filed.

[56] *Tuttle* at 291 F.3d 1238, 1241.

[57] Debtors' bankruptcy case was filed on October 18, 2006, and since the associated liabilities were for quarters that were within two years of the filing of the bankruptcy case, then the tax returns must have been filed within two years.

- 16 -

13.12.19 Weiss IRS Tax Liability Order.wpd

Case 06-21677   Doc# 153   Filed 12/19/13   Page 16 of 17

unsecured claims in this bankruptcy case, and because of the latter, the tax debts are not excepted from discharge under the Trust Fund Tax Exception set out in § 1328(a)(2). This category of taxes are also dischargeable under the Debtors' Plan that provided for the discharge of IRS priority tax claims.

## Conclusion

Because of the inapplicability of the Trust Fund Tax Exception under § 1328(a)(2) and the binding effect of the Debtors' confirmed Plan, the Trust Fund Taxes owed by Mr. Weiss have been discharged, except that any tax debts associated with late-filed or unfiled tax returns have not been discharged. This Court may, and elects to, determine the Debtor's tax debts and to determine those tax debts associated with late-filed or unfiled tax returns. These determinations are material to Mr. Weiss's fresh start. Since the IRS alleges that certain of Mr. Weiss's tax debts have not been discharged, then it is proper for this Court to render a final judgment as to dischargeability after liquidation of the tax debts.

IT IS SO ORDERED.

### 

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS